**MIDWEST FINANCE AND LOAN CO v GAZDECKI et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13537. Decided May 7, 1934

A. J. Litt, Cleveland, and Louis R. Lanza, Cleveland, for plaintiff in error.

Charles A. Jilek, Cleveland, for defendant in error.

**OPINION**

By McGILL, J.

If the forgery of the name of one co-maker renders the note void in its entirety, then the court was in error in overruling the petition to vacate as to Veronica Kukwa and ordering the original judgment into effect as to her. If, on the other hand the forgery of the name of one co-maker only renders the note void as to that co-maker whose name is forged, then it would logically follow that the note was valid as to all other makers or co-makers and that a judgment should have been entered against all of the defendants including Anastazya Byzowska and excepting Alex Kukwa whose name appears to have been forged.

Sec 8128 GC reads as follows:

"Forged signature—When a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative. No right to retain the instrument, give a discharge therefor, or to enforce its payment against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

It will be noticed that this section does not say that when a "note" is forged, the note is void. It says that when a "signature" is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative. This clause of the section is directed to a forged signature. The latter part of the section provides that no right is acquired by anyone "through or under such forged signature."

Inasmuch as this note remained in the hands of the original promisees, it is unnecessary to consider the rights of an innocent holder.

In the case of Van Slyke v Rooks, 181 Mich. Reports, 88, syllabus 4 reads as follows:

"Although one of the makers denied signing the instrument, which plaintiff's proofs showed that he executed, the other joint makers were not relieved of responsibility."

In the case of First National Bank of Durand v Shaw, 157 Mich. Reports, 192, syllabus 2 reads as follows:

"The forgery of a part of the signatures on a promissory note does not invalidate the instrument, as to the genuine signatures, in the hands of a holder in due course."

In **Volume 29 Ohio Jurisprudence, paragraph 257**, it is said:

"Where a note purports to be executed by a number of persons jointly, it may be enforced by a holder in due course against the genuine makers, notwithstanding some of the signatures thereto are forgeries."

If such a note is void ab initio and in its entirety then clearly a holder in due course could acquire no rights thereunder.

In view of the wording of §8128 GC, we think that the note is not void in toto but is only void as to Alex Kukwa. We further think that the other defendants cannot avail themselves of the defense that the name of Alex Kukwa was forged. It follows, therefore, that the judgment should have been rendered against all of the defendants excepting Alex Kukwa, and the court erred in finding for Anastazya Byzkowska.

Accordingly the judgment is reversed and the cause remanded for further proceedings.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.